## MORAN *v.* CHILDS.

110  871
s114  820

1. Where a petition for certiorari is properly headed with the name of the State and county, and addressed to the superior court, asking for a review of alleged errors committed on the trial of a case in a justice's court of a named magistrate, and such petition has been duly answered by the magistrate, it is not error for the court to refuse to dismiss the same on the ground that the number of the militia district where the court was held is omitted from the petition.

2. The petition in the present case distinctly specifies the errors complained of, and sufficiently sets forth the testimony on the trial below.   The court, therefore, did not err in refusing to dismiss the same for want of sufficient specifications in these particulars.

3. Where an execution issued on the foreclosure of a landlord's lien, and a distress warrant in his favor, are placed in the hands of a constable, the latter is entitled to retain from the proceeds of a

sale of the property of defendant all costs legitimately accruing in executing both processes, although the prosecution of one was abandoned by the plaintiff.

4. Under the record in this case there was ample evidence to authorize the judge to set aside the verdict of the jury in the justice's court, and to direct a new trial in that court on the controlling issue of fact.

Argued May 1, — Decided May 16, 1900.

Certiorari. Before Judge Reagan. Monroe superior court. August term, 1899.

*W. M. Clark,* for plaintiff.
*Persons & Persons,* for defendant.

LEWIS, J.　Moran brought a rule against Childs, a constable in a justice's court, for money alleged to have been collected by the constable on a landlord's lien in favor of said Moran against William and Hill O'Neal.　On the trial of that case before a jury in the justice's court, it appeared from the evidence that Moran had placed in the hands of the constable not only the landlord's lien for supplies, but also a distress warrant for rent, both of which were levied upon the property of defendants.　It further appeared that the constable was put to the expense of having the crops gathered and placed in a condition for sale; and by consent of parties they were sold and brought the sum of $144.00.　There was a defense filed to the distress warrant by the defendants, and that proceeding was withdrawn by the plaintiff, Moran.　It further appeared that the expense incurred by the constable in gathering the cotton and crops under the landlord's lien and distress warrant amounted to $44.37, and that about half this sum arose by virtue of the proceedings under the distress warrant for rent.　It is inferable from the record that the parties to the liens sought to be foreclosed in the justice's court had agreed upon some settlement touching the distribution of the funds in the constable's hands. There was evidence to the effect that the justice who issued the warrant for rent and the lien for supplies, after the same were levied and money realized thereon by the constable, defendant in error in this case, passed an order directing him to pay a certain amount thereof to the attorney for the defendants in the

lien foreclosures, and that, after receiving such order, he was unwilling to make the payment to this attorney without seeing the plaintiff's attorney; and accordingly the defendants' attorney and the constable called on plaintiff's attorney, submitted the matter and the order of the magistrate to him, and, under their evidence, by his consent the constable paid to that attorney, out of the fund, $57.36. This left in the constable's hands a balance of $86.64, from which he claimed the right to deduct his costs of $44.37, leaving a balance in his hands for plaintiff of $42.27. Plaintiff's attorney admitted that the defendants' attorney and the constable came to his office with an order signed by the magistrate who issued the liens, and claims that he told the constable he was willing for him to pay over to defendants' attorney all over $64.06 and the costs; but they did not agree for the constable to pay over so much that there would not be enough left to pay the full amount and costs. The constable testified, that he told Moran he did not have enough money left to pay the costs in the landlord's lien and distress warrant cases, and suggested that he make another levy to raise the deficit, and Moran directed him to hold the execution for what was kept in his hands; that he submitted the bill of costs to Moran and the justice issuing the warrants, and there was no complaint as to their correctness. The jury returned a verdict for the plaintiff for $64.06; and it is quite evident from the testimony that, if this verdict stands, the constable will be deprived of his costs in the distress warrant case. Whereupon the constable, Childs, filed his petition to the superior court for certiorari, complaining of the finding of the jury, and alleging certain errors committed in the progress of the trial by the magistrate. The court, after hearing the petition for certiorari and the answer of the magistrate, rendered the following judgment: "The within certiorari having been heard, the same is sanctioned and sustained. It is ordered that the constable's costs which accrued in the distress-warrant case of Moran v. Wm. and Hill O'Neal, in the justice's court of the 637th dist. G. M. of said county, be ascertained by the jury in said court, and that said Childs be allowed said cost as a credit on the $64.06, and that said jury find the amount of the constable's cost that accrued in

the distress warrant that was withdrawn by Moran, and deduct the amount from the $64.06 and return a verdict for plaintiff for the balance, and if it appears that no such cost is due him, or the same was ever paid, then the verdict to be for $64.06. It is further ordered that B. F. Childs recover of Moran $ cost of this proceeding. " To this judgment Moran excepts, and brings the case here for review.

1. One ground of error complained of in the bill of exceptions is that the court erred in failing to dismiss the petition for certiorari, on motion of counsel for plaintiff in error, on the ground that the petition did not set forth the number of the district and the county where the justice's court was held in which the case was tried. The heading of the petition for certiorari contained the name of the State and county, and was duly addressed to the superior court. The body of the petition set forth the name of the magistrate in whose court the case was tried before a jury, but omitted the number of the district and the name of the county where it was tried. It appears from the record that an answer had been duly filed by the magistrate, the substance of which answer is set forth in the bill of exceptions, which, however, fails to indicate how the magistrate signed the answer. We therefore presume that he properly signed it in his official capacity, giving the number of the district of which he was justice. Upon this answer must have been based the adjudication of the judge's final ruling; and even if it be necessary that the record should show the jurisdiction of the superior court, if it does not appear from the petition but does appear from the answer, we do not think the court committed any error in overruling this ground of the motion to dismiss.

2. It is further complained in the bill of exceptions that the petition for certiorari did not specifically set out the written evidence offered on the trial in the court below, and did not distinctly allege the errors complained of. Upon examining the petition in the record, we do not think there is any merit whatever in this complaint, and the court did right in refusing to dismiss the petition on these grounds.

3. We think, under the facts of this case, the constable was clearly entitled to whatever costs had been legitimately incurred

by the proceedings on the distress warrant for rent. After these costs had accrued, the constable, of course, can not be deprived of his right to the same simply because the plaintiff in the distress warrant abandoned that suit. That very course would make him legally liable for the costs that had accrued on the warrant up to the time of such abandonment.

4. While there was some conflict in the evidence as to whether the plaintiff's attorney assented to the payment of the amount made by the constable to the defendant's attorney, yet there was sufficient evidence to authorize at least the grant of a first new trial by the judge on the issue set forth in his order above quoted. In fact the decided weight of the testimony, if not the uncontradicted evidence, shows that the amount found by the jury for the plaintiff only allowed the constable his costs accruing on the foreclosure of the lien for supplies, and ignored his claim of costs on the distress warrant for rent. While there seems to be some conflict in the evidence as to who was responsible for the constable not retaining enough in his hands to meet these costs and also the amount due on the landlord's lien for supplies, there certainly was no abuse of discretion in the court remanding the case to the justice's court for trial on this issue.

*Judgment affirmed. All concurring, except Fish, J., absent.*